A. B. LAWRENCE, Appellee, v. CHARLES DODGE, Appellant.

**VENDOR AND PURCHASER:** Merchantable Title—Dismissal of Title
Action.  A title which is merchantable except for the pendency of
an action by a third party to recover the land is rendered merchant-
able by the dismissal of said action with the consent of the plain-
tiff, and by the entry by the court, under like consent, of an order
declaring the land freed from the cloud cast thereon by said action.

Headnote 1:  39 Cyc. p. 1483 (1926 Anno.)

*Appeal from Woodbury District Court.*—C. C. HAMILTON,
Judge.

FEBRUARY 17, 1925.

SUIT in equity, to enforce specific performance of a con-
tract to convey real estate.  The contract between the parties
was in the nature of an exchange of real properties, and called
for mutual conveyances.  The defense of appellant is predicated
upon the claim that the title tendered by the appellee was not
merchantable, as provided by the contract.  The trial court en-
tered a decree for the plaintiff, appellee herein, and the defend-
ant has appealed.—*Affirmed.*

*George W. Leamer* and *W. V. Steuteville,* for appellant.

*Hess, Crary & Marshall,* for appellee.

EVANS, J.—In May, 1923, the parties herein entered into
a written contract, whereby each agreed to convey to the other,
respectively, certain real property described in said contract.
The time fixed for performance was June 24, 1923, but time was
not of the essence of the contract.  Neither party fully per-
formed on June 24th, and both parties by conduct waived the
specific date.  The appellee, however, did deliver her deed prior
to June 24th, and did deliver her abstract of title on or about
such date.  Such abstract, however, was not certified to date,
but was certified to December, 1922.  On July 2d, the ab-

stract was returned to her, with the request that it be brought down to date; and this request was complied with. This. abstract in its complete form disclosed the pendency of an action brought by Jake Schindler, a former owner of the property, for the recovery thereof. In such action one Tennis and the appellee herein were named as defendants. This cloud upon the title of appellee was cleared, if at all, in the following manner: On September 21st, the district court wherein the action was pending, entered an order of dismissal of the case, as against the appellee herein; and this was done upon the request of counsel for Schindler, plaintiff therein. In October following, the following order was entered in said case by the court:

"On October 5th, 1923, comes the plaintiff herein, by his attorney, into open court, the judge presiding; and that any cloud or lien which the instituting of this action may have created against Lot 6 and the north 40 feet of Lot 7, in Block 15, Tredway's Addition to Sioux City, Iowa, and known as 421 and 423 Center Street, be released, discharged, and canceled. It is therefore ordered by the court that the certain real estate hereinbefore described be and is hereby released from any cloud or lien which may have been created by the instituting of this action, and the clerk of this court is hereby directed to make the proper entry thereunder on his Lis Pendens Index."

The final objection to this feature of the title was contained in a written opinion given to the appellant by his attorney, which was as follows:

"I would require a quitclaim deed from Jake Schindler. While it is true that he has dismissed the case in the district court of Woodbury County, as to Aurelia B. Lawrence (the appellee herein), and has had the court make an order that the cloud or lien upon this property is released, still, at the same time, to eliminate any possible chance of controversy, a quitclaim deed should be obtained from Mr. Schindler."

The principal question presented on this appeal is whether the final order of the court here quoted operated to remove the cloud upon appellee's title.

Under the contract, the appellant was entitled to an abstract showing a merchantable title. It is the contention of appellant that the suit of Schindler was still a menace to the title, and that

it might still be renewed, notwithstanding the .foregoing order. This contention is predicated in part upon evidence in the record that Schindler had refused to sign a quitclaim deed. It is also contended that the order is invalid on its face, because it was entered upon the request of Schindler's attorney, and not upon the request of Schindler personally. The order was entered in open court, and was presumptively valid. · It was entered in the presence of Schindler's counsel, and was, in any .event, presumptively binding upon him. If it were open to anyone to show the fact to be otherwise, no attempt was made on the trial to overcome or contradict such presumption. On the contrary, the testimony upon the trial showed that the attorney acted with authority from his client. This appears from the testimony of Schindler himself, who was called as a witness by the appellant. It appears also from the testimony of the attorney for Schindler, who was called as a witness for the appellee, and was still acting in the capacity of attorney for Schindler.

These proceedings in court were exhibited on the abstract, and duly certified. It must be held, therefore, that the abstract on its face disclosed a merchantable title. Granted that a quitclaim deed from Schindler would have added assurance to the purchaser, the appellee in good faith tried to obtain one. But Schindler appears to have had his own idiosyncrasy, and ˙refused to sign anything. The only alternative left to the appellee, therefore, would have been to bring an action to quiet title against him. This would have taken time. Schindler's action was already pending, and appellee was a party thereto. The court had jurisdiction of the parties and of the property. An order in the pending. suit was just as effective to adjudicate the title as would have been an order in a suit brought by the appellee. We see nothing substantial, therefore, in the objection that is made at this point.

It is urged that the appellee lost her right of specific performance by lapse of time and by delay in perfecting her title. No such objection was made at the time. The appellant made no attempt, prior to suit, to put the appellee in default. He never delivered or tendered his deed, and never tendered or delivered his abstract. His examiners pointed out, from time to time, certain alleged defects in appellee's title; and all the efforts

of appellee to perfect the title were made in response to such objections.

We reach the conclusion that the trial court entered a proper decree, and it is, accordingly,—*Affirmed.*

Faville, C. J., and Arthur and Albert, JJ., concur.